<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SOLOMON A. JONES,<br><br>                    Plaintiff,<br><br>          v.<br><br>EDUCATIONAL TESTING SERVICE,<br><br>                    Defendant. | Civil Action No. 23-20326 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendant Educational Testing Service's ("Defendant") motion to dismiss (ECF No. 15) Plaintiff Solomon A. Jones's ("Plaintiff") Complaint (ECF No. 1). Plaintiff opposed (ECF No. 16), Defendant replied (ECF No. 17), and Plaintiff moved to strike Defendant's reply brief (ECF No. 18). The Court has considered the parties' written submissions and decides both motions without oral argument pursuant to Local Civil Rule 78.1. For the following reasons, Plaintiff's motion to strike Defendant's reply is denied, and Defendant's motion to dismiss Plaintiff's Complaint is granted.

**I.     <u>BACKGROUND</u>**

Plaintiff is a Georgia-based standardized tests grader who was contracted to work for Defendant, a New Jersey-based testing company, from 2015 to 2021. (Compl. 4, 5, ECF No. 1.) During his employment, Plaintiff applied for several open positions and promotions in different testing groups in the company and was denied each time. (*Id.* at 5.) In March 2021, Plaintiff

inquired about the reasons for these denials in a series of email messages with his program director and was told that automated grading and a higher-than-expected retention rate among existing project leaders had resulted in fewer available positions. (*Id.*)

In November 2021, Plaintiff's contracted-to employment period with Defendant ended and he was terminated. (*Id.*) While Plaintiff was offered a chance to renew his contract at the conclusion of previous employment periods, Defendant did not extend an offer to renew his contract at the conclusion of this period. (*See id.*) After his termination, Plaintiff filed the instant action, alleging a series of federal civil rights violations by Defendant. (*See generally id.*) Specifically, Plaintiff alleges he was denied promotions and ultimately terminated as a result of racial and age discrimination by Defendant.[1] (*See generally id.*)

Defendant subsequently moved to dismiss Plaintiff's claims, arguing that several of Plaintiff's claims are time-barred and that the others are insufficiently pled. (*See generally* Def.'s Moving Br., ECF No. 15.) Plaintiff opposed the motion (ECF No. 16), and Defendant replied in further support of its brief (ECF No. 17). Plaintiff moved to strike Defendant's reply, arguing that under District Court of New Jersey Local Civil Rule 7.1 ("Local Rule 7.1"), Defendant was required to obtain the Court's formal approval before submitting a brief in further support of its motion to dismiss. (*See* Pl.'s Mot. to Strike.) The Court now considers Plaintiff's motion to strike Defendant's reply, as well as Defendant's underlying motion to dismiss.

---

[1] Plaintiff also brings claims unrelated to the facts of the present dispute. (*See generally* Compl.) For example, Plaintiff requests that this Court issue an advisory opinion regarding funding for the Federal Public Defender's Office. (*Id.* at 6.) It is well established that a plaintiff bringing a claim must establish standing to do so by demonstrating that: (1) he suffered an injury in fact; (2) the injury is traceable to the actions of the defendant; and (3) it is likely that the injury will be redressed by a court's favorable decision. *Manuel v. NRA Grp. LLC*, 722 F. App'x 141, 145 (3d Cir. 2018) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Because the injury Plaintiff suffered as a result of his termination is not redressable through the advisory opinions he seeks, he does not have standing to bring this claim or any other similar claim that he alleges.

## II. LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a Rule 12(b)(6) motion to dismiss, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the Court must accept as true all of a plaintiff's well pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The Court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Lastly, the Court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a motion to dismiss for failure to state a claim, the "defendant[s] bear[ ] the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Moreover, in considering a motion to dismiss, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

Finally, where a plaintiff proceeds pro se, the complaint must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se litigant, however, "is not absolved from complying with *Twombly* and the federal pleading requirements merely because [the litigant] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

### III.   DISCUSSION

For the reasons set forth below, Plaintiff's motion to strike Defendant's reply brief is denied, and Defendant's motion to dismiss Plaintiff's Complaint is granted.

####   A.   Plaintiff's Motion to Strike

The Court briefly considers Plaintiff's motion to strike Defendant's reply brief. Plaintiff argues that Defendant's reply brief in support of its motion to dismiss was improperly filed because Defendant failed to obtain a formal grant of leave from the Court as required by Local Rule 7.1(d). (*See* Pl.'s Moving Br. 2.) Plaintiff, however, misinterprets Local Rule 7.1(d)(3). Local Rule 7.1(d)(3) provides an exclusive list of motions that require court permission prior to filing a reply brief. *See Thomas Glob. Grp. L.L.C. v. Watkins*, No. 13-4864, 2016 WL 5719678, at *1 n.4 (D.N.J. Sept. 29, 2016). Since a motion to dismiss is not included on this list, Defendant was not required to obtain the Court's permission prior to filing its reply. *See* Local Civil Rule 7.1(d)(3); *Berk v. Ritz Carlton Condo. Ass'n*, No. 23-1877, 2024 WL 228414, at *2 n.3 (D.N.J. Jan. 22, 2024) ("Plaintiffs state that Defendant must seek leave to file a [r]eply [brief under Local Rule 7.1(d)(3). However, this is only the case with respect to certain motions, of which a [m]otion to [d]ismiss is not one."). Accordingly, Plaintiff's motion to strike Defendant's reply brief is therefore denied.

**B.     Defendant's Motion to Dismiss**

The Court next considers Defendant's motion to dismiss Plaintiff's Complaint. Plaintiff cites a number of federal statutes in his Complaint, including 42 U.S.C. § 1981 (Section 1981 of the Civil Rights Act of 1964) ("Section 1981"); 42 U.S.C. § 2000d, et seq. (Title VI of the Civil Rights Act of 1964) ("Title VI"); 42 U.S.C. § 2000e, et seq. (Title VII of the Civil Rights Act of 1964) ("Title VII"); 29 U.S.C. §§ 621-634 (the Age Discrimination in Employment Act of 1967) ("ADEA"); 42 U.S.C. §§ 6101-6107 (the Age Discrimination Act of 1975) ("ADA"). (Compl. 3.) As none of his claims are sufficiently pled, Plaintiff's claims are dismissed.

*1.     Exhausting Administrative Remedies (Title VII, ADEA, and ADA Claims)*

Plaintiff brings several claims under statutes that require a prior filing with an administrative agency before bringing a private cause of action, including his Title VII, ADEA and ADA claims (*See id.*) "[B]oth Title VII and the ADEA require a plaintiff to submit a sworn charge of discrimination to the [Equal Employment Opportunity Commission ("EEOC")] no later than 300 days after the alleged unlawful practice occurred as a prerequisite to bringing suit in district court for violations of those statutes." *Klus v. Archdiocese of Newark*, No. 13-727, 2013 WL 3087632, at *2 (D.N.J. June 18, 2013); *Hornsby v. USPS*, 787 F.2d 87, 90 (3d Cir. 1986) ("A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC . . . for conciliation or resolution."); *see also Purtill v. Harris*, 658 F. 2d 134, 138 (3d Cir. 1981) (affirming dismissal of ADEA claims on the basis that plaintiff "had failed to exhaust his administrative remedies."); 29 U.S.C. § 626(d)(1)(B).

Similarly, the ADA requires that a complainant first submit a claim to the Office for Civil Rights outlining the violation in question prior to filing suit in a district court. *See* 42

5

U.S.C. § 6104(f). Once 180 days have lapsed after the filing of that claim, the complainant's administrative remedies are considered exhausted—although other procedural requirements remain, such as notifying the Secretary of Health and Human Services. *See Rannels v. Hargrove*, 731 F. Supp. 1214, 1221 (E.D. Pa. 1990). Courts, therefore, do not have jurisdiction "over [a complainant]'s ADA claim until [complainant] exhausts mandatory administrative remedies." *Robinson v. Burlington Cnty. Bd. of Soc. Servs.*, No. 07-2717, 2008 WL 4371765, at *7 (D.N.J. Sept. 18, 2008) (citing *Lannak v. Biden*, No. 06-180, 2007 WL 625849, at *2 (D. Del. Feb. 27, 2007) ("[P]laintiff's claim is not cognizable because plaintiff has not exhausted the administrative remedies provided for under the ADA.").

In this case, Plaintiff freely admits that he filed no complaints with the EEOC or the Office of Civil Rights prior to commencing his lawsuit. (*See* Compl. 3 (claiming he "[d]id Not File A [Title VII or ADEA] Charge.").) Importantly, Plaintiff was required to submit his Title VII and ADEA claims with the EEOC no later than September 6, 2022.[2] *See* 29 U.S.C. § 626(d)(1)(B). Because he failed to file his claims with the EEOC by September 6, 2022, Plaintiff's Title VII and ADEA claims are time-barred and may not be heard by this Court. *See Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854, 857 (3d Cir. 2000) (finding in favor of a defendant on the basis that plaintiff's Title VII and ADEA claims were not submitted within 300 days of the discriminatory incident cited in its complaint, and therefore the plaintiff's claims were time-barred).

---

[2] Under 29 U.S.C. § 626(d)(1)(B), an individual seeking to file a discrimination claim in an employment civil action must first file a charge with the EEOC "within 300 days after the alleged unlawful practice occurred." With regard to both his Title VII and ADEA claims, Plaintiff's last alleged incident of discrimination occurred on November 10, 2021, the date of his termination. (*See* Compl. 5.) As such, Plaintiff needed to file a charge with the EEOC no later than September 6, 2022 in order to bring his Title VII and ADEA claims in this Court, which he admits he did not do.

Plaintiff also freely admits that he did not submit a complaint with the Office of Civil Rights at least 180 days prior to bringing his ADA claims in court, as required by that statute. (*See* Compl. 3 ("Did Not File [an] [ADA] Charge.").) This failure to exhaust administrative remedies is therefore fatal to his ADA cause of action, and again, prevents this Court from hearing these claims. Accordingly, Plaintiff's Title VII, ADEA, and ADA claims are dismissed with prejudice.

   2.   *Section 1981 and the McDonnell Douglas Burden-Shifting Framework*

Plaintiff also alleges that he was discriminated against based on his race. (*See generally* Compl.) While procedural barriers prevent this Court from hearing Plaintiff's racial discrimination claims under Title VII, no such barrier has been brought to the Court's attention under Section 1981.

When bringing an employment discrimination claim under Section 1981, a plaintiff must adequately allege a prima facie case of discrimination at the pleading stage under the *McDonnell Douglas* burden-shifting framework. *See Qin v. Vertex, Inc.*, 100 F.4th 458, 472 (3d Cir. 2024). Under the *McDonnell Douglas* framework, a plaintiff must show that "(1) [he] is a member of a protected class; (2) [he] was qualified for the position [he] sought to attain or retain; (3) [he] suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

The Third Circuit has, in turn, found that an inference of intentional discrimination is established when a plaintiff can show that "the employer treated a similarly situated employee who was not a member of the plaintiff's protected class more favorably." *LeCadre v. Att'y Gen. Pa.*, No. 23-2898, 2024 WL 2763829, at *2 (3d Cir. May 30, 2024) (citing *Jones v. Sch. Dist. of Phila.*, 198 F. 3d 403, 413 (3d Cir. 1999)); *Sarullo v. USPS*, 352 F. 3d 789, 798 (3d Cir. 2003) ("The

7

'central focus' of the prima facie case 'is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin.'").

In this case, Plaintiff fails to establish that his termination and lack of advancement occurred under circumstances that could give rise to an inference of discrimination. Specifically, Plaintiff's Complaint offers no facts or details: (1) pointing to incidences of discrimination in the workplace; (2) identifying discriminatory company decisions; (3) identifying individuals employed by Defendant who may have acted in discriminatory ways; (4) specifically outlining discriminatory comments made in the workplace; or (5) regarding any behavior that Defendant engaged in which suggests it unlawfully discriminated against Plaintiff on account of his race. (*See generally* Compl.) Critically, Plaintiff's Complaint also fails to cite any similarly situated employee whose comparatively better treatment or experience might raise a plausible inference of discrimination against Plaintiff.[3] *See Sarullo*, 352 F.3d at 798 (finding plaintiff cannot establish that employer's failure to rehire him raised an inference of employer's discriminatory animus where plaintiff did not claim that other employees not in plaintiff's protected class were rehired); *Feng v. Univ. of Del.*, 785 F. App'x 53, 56 (3d Cir. 2019) ("While Plaintiff's discrimination claim suffers from several infirmities, one primary flaw is that he has not established a prima facie case since he, inter alia, has failed to show he was treated differently than similarly situated [colleagues] who were not members of his protected class.") (citing *Feng v. Univ. of Del.*, No. 16-664, 2018

---

[3] Instead, Plaintiff's Complaint offers a non-discriminatory justification for Plaintiff's termination from his program director; that Plaintiff's lack of advancement in the company was due to increased reliance on automation and a higher-than-expected retention rate among existing personnel. (Compl. 5.)

WL 1462224, at *1 (D. Del. Mar. 23, 2018)).[4] For these reasons, Plaintiff fails to adequately allege a prima facie case of racial discrimination, and his Section 1981 claim is dismissed without prejudice.[5]

### 3. Title VI and the McDonnell Douglas Burden-Shifting Framework

Finally, Plaintiff brings claims for violations of Title VI. (Compl. 3.) Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "To establish a prima facie Title VI violation, the plaintiff must plead sufficiently: (1) that there is racial or national origin discrimination; and (2) that the entity engaging in discrimination is receiving federal financial assistance." *N.J. Sand Hill Band of Lenape & Cherokee Indians v. Corzine*, No. 09-683, 2010 WL 2674565, at *15 (D.N.J. June 30, 2010) (citing *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 631 (10th Cir. 1993)). With regard to the first prong of the test,

---

[4] Plaintiff suggests that discovery is required for him to obtain necessary information from company records about the treatment of other similarly situated employees based on race. (*See* Pl.'s Opp'n Br. 4-5, ECF No. 16.) Discovery, however, is not an opportunity to "conduct a fishing expedition in order to find a cause of action." *Ranke v. Sanofi-Synthelabo Inc.*, 436 F. 3d 197, 204 (3d Cir. 2006). Because the Court's assessment of Plaintiff's pleading sufficiency is limited to the facts alleged in the Complaint, it will not speculate on what discovery may or may not reveal. *See Addison v. Amazon.com, Inc.*, No. 22-01071, 2022 WL 2816946, at *4 n.7 (D.N.J. July 19, 2022) ("[T]he Court bases its findings only on the facts alleged within the Complaint.").

[5] Should Plaintiff choose to amend his Complaint, he should take additional note that opposition briefs to motions to dismiss are not the place to include essential information missing from his Complaint, such as: (1) the protected group to which he belongs; and (2) his qualifications for the positions he sought to attain or retain. (*See* Compl.) Here, Plaintiff waits until his opposition brief to mention that he is African American and to provide his qualifications for the positions he sought. (*See* Pl.'s Opp'n Br. 5-6.); *see Morgan v. Markerdowne Corp.*, 976 F. Supp. 301, 307 (D.N.J. 1997) ("On a 12(b)(6) motion, the district court is limited to the facts alleged in the Complaint, not those raised for the first time . . . in its legal memorandum.") (citing *Hauptmann v. Wilentz*, 570 F. Supp. 351, 364 (D.N.J. 1983)). The Court cannot consider allegations raised in an opposition brief unless they are plead in the Complaint.

discrimination claims brought under Title VI are "governed by the same framework as those under other federal civil rights laws such as Title VII, which covers employment discrimination claims." *Feng v. Univ. of Del.*, 785 F. App'x 53, 55 (3d Cir. 2019). Accordingly, courts apply the same *McDonnell Douglas* prima facie test for Title VI claims that they apply when determining the pleading sufficiency of a Title VII or Section 1981 claim. *See id.*; *Hankins v. Temple Univ.*, 829 F.2d 437, 440-41 (3d Cir. 1987) (applying *McDonnell Douglas* framework to a case brought under both Title VI and Title VII); *NAACP v. Med. Ctr., Inc.*, 657 F.2d 1322, 1336 (3d Cir. 1981) (*en banc*) (noting that the Third circuit permits plaintiffs to establish discrimination through effects under both Title VI and Title VII).

Once again, Plaintiff's failure to allege facts in his Complaint sufficient to raise an inference of discrimination is fatal to his Title VI claim. While establishing this inference "is not a heavy burden," a plaintiff must at least allege that he suffered some adverse action under circumstances suggesting that such action was related to his membership in a protected group. *Feng*, 785 F. App'x at 55. Here, Plaintiff fails to allege *any* facts, actions, or words that could plausibly raise a suggestion of discriminatory treatment on the basis of his race. (*See generally* Compl.) Accordingly, his Title VI claim is insufficiently pled and dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's motion to strike Defendant's reply brief and grants Defendant's motion to dismiss Plaintiff's Complaint. Plaintiff's ADA, ADEA, and Title VII claims are dismissed with prejudice. Plaintiff's Section 1981 and Title VI claims are dismissed without prejudice. Plaintiff will be allowed an opportunity to file an amended complaint. An order consistent with this Opinion will follow.

                                                  **MICHAEL A. SHIPP**
                                                  **UNITED STATES DISTRICT JUDGE**